*464 ORDER DENYING APPEAL
BACKGROUND
¶ 1 This matter comes before this Court on a Continuing Objection, Motion for Stay of Order, Notice of Appeal, Motion for Order Granting Parties’ Agreement, Motion to Suspend Rules with Brief submitted by Appellant Damm, by and through her advocate Sharon Avery on August 5, 2016 without payment of the statutorily required docket fee. This matter appears to be challenging an order issued by the lower court on July 14, 2016.
¶2 Notice was provided to Ms. Avery that the appeal request submitted on August 5, 2016 could not be processed without the required payment of the filing fee. Ms. Avery indicate that she was out of state when this notice was sent and paid the fee at the first opportunity she had upon her return, which was August 30, 2016. She further indicates that her failure to not paying the docket fee when submitting the notice of appeal was not done with malice or wrongful intent.
¶ 3 As a licensed advocate, Ms. Avery is responsible for competently representing her clients in matters before the Fort Peck courts in accordance with applicable laws. The procedures for filing a civil appeal are explicated under the tribal code. When a party wishes to appeal a lower court decision, “the petition for review shall be accompanied by a docket fee of fifty dollars ($60.00)” 2 CCOJ § 207(d) [emphasis added]. The burden to meet the statutory filing requirements is on the party wishing to appeal a matter, not on the court clerks. A submission to the appellate eourt simply cannot be officially filed without the required docketing fee or a waiver of the docketing fee by the appellate court. In this situation, neither a docketing fee nor a waiver occurred within the time provided for filing an appeal. Given that the appeal was being submitted on the last available day for timely filing an appeal of the July 14, 2016 order, Appellant needed to make sure all filing requirements had been adequately satisfied when the notice of appeal was submitted on August 5, 2016.
¶ 4 Based on the failure of Appellant to timely file an appeal, this Court DENIES review of the lower court action. This Court always wants parties competently represented regardless of whether they are obtaining the services of an attorney or an advocate. Advocate Avery is encouraged to take sufficient steps in order to insure she competently represents client when practicing before the Fort Peck court system by reviewing the tribal codes and then complying with all statutory procedural requirements associated with the appellate process. Even actions that are not done with malice or wrongful intent can have an adverse effect on clients when that action results in clear non-compliance with expressed statutory requirements. This type of representation, by either attorneys or advocates, will not be viewed favorably by this Court when there are clear procedural directions provided in tribal law.
SO ORDERED.